# Borman, Appellant, v. United Merchants Realty & Improvement Co.

*Negligence—Landlord and tenant—Stairway—Cause of action
—Pleading—Demurrer.*

In an action to recover damages for personal injuries, the statement of claim averred that the defendant was a lessee of a building used for business purposes, and that all the rooms were sublet to several tenants occupying them; that a way of access to the upper floors was provided by an entrance from the front by a passage between two of the stores on the street, leading into an open area way where there was a stairway to the upper floors; that a tenant of one of the stores, by permission of defendant, constructed a stairway from the area to the cellar underneath his store for his convenience, closing it, however, against general use by a door in the area thus shutting it off; that about six o'clock of a February evening, plaintiff having occasion to visit a tenant on the second floor entered the open area, and in attempting to find the stairway leading up, was misled by a light above the transom of the door leading into the cellar way, entered this and fell down the stairs and was injured. The statement did not show the relative position of the two stairways, or the character of the door to the cellarway, or whether there was a door to the other stairway. There was no averment that the entrance to the cellarway was improperly located, designed or constructed. *Held,* (1) that defendant was not responsible for the accident; (2) that there was no duty upon him to maintain a danger sign, as he was out of possession; (3) that the averments of the statement showed no cause of action and (4) that judgment was properly entered for defendant on an affidavit of defense in the nature of a demurrer.

Argued Feb. 24, 1919. Appeal, No. 256, Jan. T., 1919, by plaintiff, from order of C. P. Lackawanna Co., Jan. T., 1918, No. 642, entering judgment for defendant in case of Rudolph Borman v. United Merchants Realty & Improvement Company. Before BROWN, C. J., STEWART, MOSCHZISKER, FRAZER and KEPHART, JJ. Affirmed.

Trespass for negligence.

Rule for judgment for want of a sufficient affidavit of defense in nature of demurrer.

The statement of claim was as follows:

"1. On the 12th day of February, 1916, the defendant company was the lessee of a certain building situate at the corner of Spruce street and Washington avenue in the City of Scranton.

"2. The said building was a three-story frame building and basement. The ground floor of the said building was and is sub-divided into stores, two of said stores fronting on Washington avenue, and six stores fronting on Spruce street. The second and third floors were sublet by the said defendant company to various tenants, who used the said second and third floors for office purposes.

"3. An entrance to the upper floors of the building was furnished by the said defendant on the Spruce street side of the building, which entrance was situate between two of the stores situate on the said Spruce street side.

"4. On the aforesaid day and date a doorway was maintained on the Spruce street side of the building, which doorway was situate between the windows fronting upon the two stores upon the westerly end of the Spruce street side of the building. The door in this doorway, when open, led into an areaway or space wherein was placed a stairway or ladder which led into the cellarway between one of the said stories.

"5. On the aforesaid day and date, the rooms immediately above the said doorway described above were occupied by a dentist.

"6. The door and doorway leading into the cellar was constructed by a tenant of the defendant to whom the defendant had sublet one of the stores and the cellar underneath the said store. The said door and doorway were built by the said tenant with the express consent and permission of the defendant and has at all times been maintained in the condition in which it was maintained on the day and date of this accident with the express consent and permission of the defendant.

"7. On the aforesaid day and date, the plaintiff herein, at about six o'clock in the evening, desiring to go to the dentist's office herein described, situate in the said building, and being unfamiliar with the premises, attempted to find the entrance leading to the upstairs of the said building. A light was then burning in a transom which was located above the door hereinbefore described as situate between the two stores of the most westerly end of the Spruce street side of the building, and the plaintiff was then and there misled into the belief that the said doorway was a doorway leading to the upstairs entrance to the building.

"8. The said building was so constructed and maintained and the entrance to the said building was so constructed and maintained that the said doorway leading into the cellar, into which the plaintiff fell, was apparently the doorway leading to the upstairs entrance to the building. The said doorway leading into the basement was so situate with reference to the stores and entrance on the Spruce street side of the building that it would clearly mislead the ordinary person into the belief that it was a doorway leading to the upstairs entrance to the said building.

"9. The plaintiff, upon opening the door, attempted to enter and immediately fell into the cellar of the said building.

\*    \*    \*    \*    \*    \*    \*    \*    \*

"10. As a result of the fall the plaintiff received injuries," etc.

The court entered judgment for defendant.

*Error assigned* was the judgment of the court.

*R. L. Levy,* with him *Cornelius Comegys,* for appellant.

*Reese H. Harris,* of *Knapp, O'Malley, Hill & Harris,* for appellee.—The plaintiff's statement of claim was defective in substance, failing to aver facts which if true,

would constitute a cause of action against the defendant: Towt v. Phila., 173 Pa. 314; Bears v. Ambler, 9 Pa. 193; Wunder v. McLean, 134 Pa. 334; Lindstrom v. Pennsylvania Co., 212 Pa. 391; Chroust v. Acme Building & L. Assn., 214 Pa. 179.

The statement fails to set forth facts which show any causal connection between the plaintiff's injury and any negligence averred.

OPINION BY MR. JUSTICE STEWART, March 10, 1919:

The defendant company is the lessee of a three-storied building in the City of Scranton devoted to business purposes, the lower floor of the building is used for store rooms, of which there are several, the upper floors being used for offices of various kinds; all the rooms are sublet by the defendant company to the several tenants occupying them. A way of access to the upper floors is provided by an entrance from the front of the building, between two of the storerooms, leading into an open area or space where there is a stairway leading up. The tenant of one of these storerooms obtained from the defendant company, his lessor, permission to construct a stairway leading from this open area to the cellar under his store for greater convenience, closing it however against general use by a door in the area thus shutting it off. At about six o'clock on the evening of February 12, 1916, the plaintiff having occasion to visit a dentist whose office was on the second floor of this building entered the open area from which the stairway led to the upper floor. In attempting to find the stairway leading up he was misled by a light above the transom of the door leading into the cellarway, and supposing that to be the doorway to the stairway leading up, he entered it with the result that he was precipitated to the cellar and thereby sustained the injuries of which he complains and for which he seeks to recover damages in his action against the defendant company. The defendant's affidavit of defense was in effect a demurrer to plaintiff's statement of

the cause of the action. It was sustained by the learned court and judgment accordingly was entered for the defendant. The appeal is from the judgment so entered.

Any one of the several reasons given by the learned judge who heard the case in his opinion filed would in itself be a sufficient vindication of his conclusion. Take the first: admitting the trespass, where arises liability on part of the defendant as landlord therefor? The court in discussing this feature of the case uses this language: "The tenant no doubt could lawfully have a private entrance from the street to his cellar and there is nothing inherent in either its location or design that would stamp it as a nuisance per se. Hence it is not apparent how the landlord could incur any responsibility by mere force and effect of his consent to the addition of such improvement. It is clear enough that the liability, if any, must be traced to the breach of some resulting duty with respect to the safeguarding the public who might thereafter have occasion to visit the building. Prima facie this would devolve upon the tenant as he was at all times in possession, and there is nothing in the pleadings to overcome the presumption that his possession was exclusive......It—the statement of cause of action— falls short of showing any right of control in the landlord in respect to the maintenance of a danger sign, notice to keep out or the like, even if it be conceded that such warning was called for." This is a correct view of the law, and to it this may be added, that the statement falls short equally of showing circumstances from which the law would infer any duty on the part of the landlord to maintain a danger sign, notice to keep out or the like.

As to the other averment, that the said doorway leading into the cellar was so placed with reference to the stores, and entrance on the Spruce street side of the building, that it would clearly mislead an ordinary person into the belief that it was a doorway leading to the upstairs entrance to the building, the court well says,

"This conclusion may be well founded in the mind of the plaintiff, but having regard to the pleadings themselves, and these alone, one would be at a loss to point out the specific reasons why the conditions were calculated to mislead. Where was the entrance to the upstairs with reference to that connected with the cellar? Was that also closed by a door, and if so, how did they resemble each other? Of what description is the door which lured the plaintiff to his undoing?" This again is a complete answer to the objection urged and sufficient in itself to justify the action of the court.

It is complained that the court decided adversely to the main facts pleaded, and then disposed of the case upon the facts thus found and not upon the facts pleaded. This is an entire misapprehension. The complaint is directed against the remark by the court in its reference to the entrance from the street to the cellar where he says "there is nothing inherent in its location or design that would stamp it as a nuisance per se." There is no averment anywhere in the statement that the entrance was improperly located, designed or constructed, and not a single fact was averred in connection therewith that would have warranted a finding of the jury that the entrance or cellarway was wanting in either respect. The trouble was, not that the court found the fact, but that the pleadings were wholly silent as to the facts upon which the counsel based their conclusion that the entrance was a nuisance per se.

The appellant had ample opportunity to apply for leave to file an amended statement. This he failed to do, and now asks for a reversal of the judgment so that he may have further opportunity to this end. It is enough to say that this affords no sufficient ground for reversal, and we may add, that in the view we take of the law of the case, it would avail the appellant nothing were it to be granted.

The judgment is affirmed.