## 13479. MILLER *v.* CENTRAL OF GEORGIA RAILWAY COMPANY.

From the allegations of the plaintiff's petition as to the injury alleged to have been received by him on slipping and falling from locomotive steps which, in the performance of his duty as a fireman, he was descending at the direction of the engineer, and which he alleged were wet because of the defective condition of a valve that allowed water to overflow from the tank and run down on them, and were not lighted, and by reason of the darkness could not be seen by him, it does not appear that the injury was the result of a negligent order of a superior, or that there was a breach of duty to him on the part of the railway company; and it appears that he knew or ought to have known that the steps were wet from the cause alleged. No cause of action was stated, and the court did not err in sustaining a general demurrer to the petition.

DECIDED JUNE 13, 1922.

Action for damages; from Lamar superior court — Judge Searcy. February 11, 1922.

*Dobbs & Barrett, Wolver M. Smith, Strickland & Arnold,* for plaintiff.

*Cleveland, Goodrich & Cleveland,* for defendant.

LUKE, J. Miller sued the railway company for damages, alleging, in substance, that for two years preceding the alleged injury he was a fireman of locomotive engines on the railroad of the defendant; that on the date of the alleged injury he was engaged as a fireman on a certain engine with which he was not familiar, and while so engaged, at a point between Macon and Atlanta, in the county of Lamar, the engine needed some attention and repair, which the engineer could not make without assistance; that he was directed by the engineer to come down from the engine and render assistance; that on the right-hand side of the engine there was a pair of iron steps, used in ascending and descending the engine; that it was dark, and there was no light so that he could see the steps; that he assumed the steps were in good condition and undertook to go down them; that the steps were wet, and when he placed his foot on them it slipped and he fell backwards and was injured; that the steps were not wet from the condition of the elements, but were wet because of the condition of a valve that permitted the water to overflow from the water-tank and run down and wet them, that this defect existed at the time the engine was sent out, and that the defendant knew or by the

exercise of ordinary care should have known of the defect, and of the danger in the machinery, and that he did not know of the defect, did not have equal means with the defendant of knowing of it, and could not in the exercise of ordinary care have known of it. He alleged that the defendant was negligent in allowing the steps to get wet in the manner alleged, in not furnishing a safe place for him to work, and in not notifying him of the defective condition of the engine. The defendant demurred, upon the ground that the petition set forth no cause of action, the demurrer was sustained, and the plaintiff excepted.

The petition did not set forth a cause of action, and it was not error to sustain the general demurrer. The petition fails to show that the injury was the result of a negligent order or command of a superior officer. It does not show a breach of duty upon the part of the defendant to warn the plaintiff of the condition of these steps. It shows that the steps were open and exposed to rain and any other cause that would make them wet. It further discloses that the plaintiff knew or ought to have known that the steps were wet from exactly the cause alleged. The petition fails to allege a breach of duty upon the part of the defendant to the plaintiff.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*