### 15268. SMITH *v.* INMAN *et al.*

LUKE, J. 1. Where a landlord has fully parted with both possession and right of possession, he is responsible to others only for damages arising from defective construction; and neither the mere juxtaposition of a toilet and elevator nor the absence of lights in the passageway to the toilet at night constitutes such a defect. Civil Code (1910), § 3694.

2. A tenant is not, by virtue of his tenancy, under any duty to a cotenant, or the customers of a cotenant, to keep lighted at night the passageway to a toilet placed in the tenement for the joint use of both tenants, their employees and customers. Civil Code (1910), § 4420.

3. Where a building is occupied by two tenants, one a restaurateur and the other a furniture dealer, neither the landlord nor the furniture

dealer is liable in damages for injuries to a customer of the restaurateur, where the customer, with his full natural faculties, and without any inducement from the furniture dealer, enters a dark and unfamiliar room, undertaking to feel his way to a toilet, and in so doing inadvertently steps into an elevator shaft, the door to which has been negligently left open by the furniture dealer and is invisible in the darkness, thereby falling and receiving the injuries for which the damages are claimed. *Day* v. *Graybill,* 24 *Ga. App.* 524 (101 S. E. 759); *Ogain* v. *Imperial Café,* 25 *Ga. App.* 415 (103 S. E. 594); *Hendricks* v. *Jones,* 28 *Ga. App.* 335 (111 S. E. 81); *Miller* v. *Central of Ga. Ry. Co.,* 28 *Ga. App.* 635 (112 S. E. 733); *Biederman* v. *Montezuma Mfg. Co.,* 29 *Ga. App.* 589 (116 S. E. 225).

4. The restaurateur not being joined as a party defendant in the lower court, no question respecting his liability is presented for decision.

5. Applying to the facts of this case the principles announced above, the court properly sustained the general demurrers of the defendants and dismissed the plaintiff's petition.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*

DECIDED APRIL 15, 1924.

Action for damages; from Fulton superior court—Judge Humphries.   November 6, 1923.

*Hooper Alexander, D. Meyerhardt,* for plaintiff.

*Underwood, Pomeroy & Haas, W. C. Henson, Douglas & Douglas,* for defendants.