## Shaver's Administrator v. Louisville Gas & Electric Company.

(Decided February 6, 1925.)

## Appeal from Ohio Circuit Court.

1. Negligence—Landowner's Duty to Licensee Stated.—Owner of land owes licensee no duty to maintain premises in safe condition, but only duty not to willfully or wantonly injure him or do anything that suddenly increases hazard of exercising license without reasonable notice.

2. Negligence—Landowner Held Not to Owe Licensee Duty to Fence Air Shaft of Mine.—Owners of land, licensing plaintiff's decedent to use path, held not to owe him duty to fence or otherwise protect air shaft to mine which was located eight feet from path.

3. Negligence—Landowner Held Not Liable for Failure to Fence Mine Air Shaft, Notwithstanding Prescriptive Right of Public to Use Nearby Path.—Where conditions about opening of air shaft to mine were same while public was acquiring a prescriptive right or license to use path which passed within eight feet of it as at time of injury to plaintiff's decedent, held owners were not liable for failure to fence or protect such opening, as for injury to licensee.

4. Mines and Minerals—Statute Intended for Protection of Mine Employees Held Not to Impose Liability on Owner to Fence Opening of Air Shaft for Benefit of Mere Licensees.—Under Ky. Stats., section 2726-8, intended for protection of mine employees, failure to fence and protect mine air shaft opening does not render owner liable to mere licensee using path eight feet away.

5. Negligence—Open Mine Air Shaft Held Not Within Attractive Nuisance Doctrine.—Ten by twelve feet opening to mine air shaft eight feet from path held not within attractive nuisance doctrine so as to render owners failing to fence opening liable, particularly in absence of allegation that plaintiff's decedent was attracted to or using shaft as attractive nuisance.

HEAVRIN & HEAVRIN and OTTO C. MARTIN for appellant.

A. D. KIRK, CLARENCE BARTLETT, GLOVER CARY and MATT O'DOHERTY for appellees.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

Alleging that his intestate, a boy twelve years of age, was killed by falling into an air shaft on the premises of appellees, this action was instituted by appellant to recover damages therefor. A demurrer was sustained to his petition as amended, and this appeal challenges the correctness of that ruling.

It is averred that the coal mine with which the air shaft is connected had been abandoned for some months, and that decedent's death resulted from appellees' negligent failure to protect the air shaft by fences or otherwise. Hence, the primary question for decision is whether or not appellees owed the decedent any duty with reference to this air shaft on their own land.

Counsel for appellant contend that such a duty was imposed, under the allegations of the petition, (1) because decedent was a licensee, (2) by section 2726-8 of the statutes, and (3) under the attractive nuisance doctrine.

It is well settled that the owner of land owes to a mere licensee no duty of maintaining his premises in a safe condition for the exercise of the licensed use thereof, but only that he will not injure him wilfully or wantonly, or do anything that suddenly increases the hazard of exercising the license without reasonable notice thereof. Two recent cases so holding are Sage's Admr. v. Creech Coal Co., 194 Ky. 415, 240 S. W. 42, and Robinson's Admr. v. L. & N. R. R. Co., 199 Ky. 697, 251 S. W. 968, wherein a great many like cases are cited.

The claimed right of decedent is limited by the petition to the use of a path that passes within about eight feet of the air shaft, and which it is alleged he was using when he, "while exercising ordinary care for his own safety, fell into said open air shaft."

There is no allegation of any obstruction in the path, or any explanation whatever of how or why decedent, while using this path, could or did fall into the air shaft eight feet therefrom. It is alleged in one of the amended petitions: "That said shaft was constructed to a depth of 104 feet, and was 10 by 12 feet at the top, and that in constructing said shaft the defendants threw the dirt from said shaft on the edge thereof, making a rolling or sloping embankment toward the opening thereof, and that said shaft was so maintained by the defendants in a dangerous and hazardous condition without any guard or fence around it, or any covering over it, and left open so that any one passing along this way, or roadway, might accidentally stumble and fall into said shaft."

It is not alleged, however, that this had not been so during all of the time since the construction of the shaft, inferably many years before, since it is alleged that the mine with which it connected had been abandoned for some months before this accident occurred.

It is therefore clear, under the authorities cited above, that the defendants did not owe to the decedent any duty to maintain a fence around, or otherwise protect, the air shaft because of his right as a licensee to use a path passing within about eight feet of the shaft.

Nor did such a duty devolve upon the appellees, even conceding that the allegations of the petition show a prescriptive right upon the part of the public to use this pathway, as decedent is alleged to have been doing at the time of the accident, since, under the allegations of the petition, that right was exercised and ripened with conditions with reference to this passage and shaft precisely as they were at the time of the accident.

The next contention, that the defendants owed decedent the duty of protecting the air shaft by a fence by reason of section 2726-8 of the statutes, is also without merit, since the act of which it is a part ·(chapter 79 of the Acts of 1914) purports only to regulate the operation and supervision of coal mines in certain respects, -"and to otherwise provide for greater protection to the lives and health of persons employed in and about the coal mines in this state," as is clearly apparent from both the title and the body of the act, and to which class it is not claimed decedent belonged.

Nor do we think the allegations of the petition bring this air shaft within the attractive nuisance doctrine, but even if this were otherwise, there is no allegation in the petition or either of the amendments that decedent was attracted to or was using the shaft as an attractive nuisance, or that the accident was caused thereby. There is no allegation in the petition or either of the amendments as to how or why the accident happened, other than those already referred to, which in substance are that while using the path, and exercising reasonable care for his own safety, decedent fell into the shaft. This being true, it is manifest that it is wholly immaterial whether or not the air shaft was an attractive nuisance, since that fact, if a fact, had no causal connection whatever with the accident.

Convinced that the trial court did not err in sustaining a demurrer to the petition as amended, the judgment dismissing same upon plaintiff's refusal to plead further is affirmed.