# Farmer v. Modern Motors Company et al.

(Decided October 10, 1930.)

R. L. POPE and F. L. HUFF for appellant.

C. B. SPICER for appellee Modern Motors Company.

SAMPSON & SAMPSON for appellee L. A. Bowling.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirming.

A demurer having been sustained to the petition as amended of the plaintiff (now appellant), and she having declined to plead further, her petition was dismissed and she appeals.

The petition as amended avers, in substance, that the appellee, L. A. Bowling, was the owner of a building abutting on a public street of the town of Harlan, Ky. It is not made clear how many stories there were to this building, but it does appear that it had at least two stories and a basement. The first floor was a storeroom and it and the basement were rented by Bowling to his co-defendant, the Modern Motors Company, a corporation. The second floor of the building was divided into various apartments which were rented by Bowling to different tenants. Access to the apartments on the second floor was obtained by a flight of stairs leading from a door at their foot that opened onto the street on which the building abutted. Right next to this door in the front of the building was another door that opened from the street onto a flight of stairs leading down into the basement of the building. These stairs leading to the basement and the door at their top were all part of the

premises leased by Bowling to the Modern Motors Company. The plaintiff claims that one evening, purposing to visit one of the tenants of the apartments on the second floor, she entered the building through an open door which she, in good faith, believed to be the one opening on the steps leading to the second floor. In truth, however, it was the door opening on the steps leading to the basement. She claims that there was no light or any warning about this door to apprise or warn her of the fact that this was the door opening onto the steps leading to the basement. The petition as amended is silent about whether or not there was any light on the steps leading to the second floor, or whether that door was open or shut, or as to just what was the condition of that entrance. She makes no claim that Bowling had anything to do with leaving the door through which she entered open, unlit, or unguarded on the occasion in question, and she makes no claim that she then had any business with the Modern Motors Company or any right to be upon their premises. The petition as amended further discloses that plaintiff had by an act of conscious volition to leave the street and pass through the door in question before she came to the steps leading to the basement. Plaintiff alleges that when she passed through the door she fell down the steps to the basement and very severely hurt herself.

So far as the demurrer of the appellee Bowling is concerned, it appears that he had leased to the Modern Motors Company the entire premises of the first floor and basement and the door and steps down which the appellant fell, and that the motor company had entire control of the premises so leased to it. Bowling had no control over the premises so let and he did not have anything to do with leaving the door leading to the basement open or with leaving that stairway unlighted. It is not contended that anything he did or failed to do with reference to the stairway leading up to the apartments on the second floor, and which perhaps were still under his control, had anything to do with this accident. It is the general rule that a landlord is not liable for the negligence of his tenants in the use of the leased premises. It was so held in J. E. M. Milling Co. v. Gaines, 231 Ky. 779, 22 S. W. (2d) 274. In the case of Wells v. Kentucky Distilleries & Warehouse Co., 144 Ky. 438, 138 S. W. 278,

we held that a lessor of a building for a distillery which was operated by the lessee was not liable for injuries to one on the premises where the injuries were not caused by negligence in the construction of the building. In the instant case, the plaintiff's injuries were not caused by any negligence in the construction of Bowling's building. They were occasioned by her voluntarily and consciously entering an open door that led to a flight of unlighted stairs. Bowling having no control of the premises leased to the Modern Motors Company, he was not in law responsible for the door to the basement stairway being left open and that stairway unlighted. It follows, therefore, that his demurrer to the petition was properly sustained.

So far as the demurrer of the Modern Motors Company is concerned, as the plaintiff was not on its premises by any invitation or license, she was a trespasser, and, being such, she took the premises as she found them. This is not a case where an excavation is so close to the public highway that a traveler upon it using proper care to keep upon the proper path may inadvertently step a bit to the side and fall into the pit. In such a state of case, the occupant of the land upon which the excavation is located must exercise ordinary care to keep it properly guarded. Here, however, the plaintiff by conscious act voluntarily leaves the street, enters upon premises where she had no business and where she has no right to be, and, after entering through an open door, falls down an unlighted stairway. It is very like the case of Johnson v. Paducah Laundry Co., 122 Ky. 369, 92 S. W. 330, 331, 29 Ky. Law Rep. 59, 5 L. R. A. (N. S.) 733. There Johnson walking along a public street, left the sidewalk and started across the lot of the laundry company for the purpose of answering a call of nature. About 4 feet from the sidewalk there was an open vat of boiling water. The time was night and the vat was not lighted. Johnson fell into it. In denying Johnson any recovery, we said: "In the case before us the plaintiff's own testimony shows that he deliberately and purposely left the highway for the purpose of walking across the lot to take his uncle out of sight of the street. He was willfully using defendant's property for his private purposes without any invitation from the defendant, and without

its consent. So far as he is concerned, it is immaterial how far the vat was from the highway. He was not a traveler on the highway at all when he fell into the vat. He was then a trespasser on appellant's lot, having intentionally left the highway for purposes of his own. The case would not be essentially different if there had been no highway adjoining the lot. It is insisted, however, that the owner of this uninclosed lot in a city ought to know that trespassers are liable to come upon it, and that a vat of boiling water is a thing so dangerous that it is negligence in the owner not to guard it as to one who falls into it in the dark. The general rule is that the owner of private grounds is under no obligation to keep them safe for the benefit of intruders who come upon them for their own purposes, however innocent the purpose may be. 1 Thompson on Negligence, secs. 945, 946. The exceptions to the rule are where the owner of the property expressly or impliedly invites the use of it, or so maintains it as to make it what is sometimes called an attractive nuisance, especially in the case of children and animals. See, also, Bishop on Non-contract Law, secs. 845-853; Bransom's Adm'r v. Labrot, 81 Ky. 638, 50 Am. Rep. 193, and cases cited. The case before us does not fall within either of these exceptions.'' To the same effect is Shaver's Adm'r v. Louisville Gas & Electric Co., 207 Ky. 180, 268 S. W. 1082. The case of Borman v. United Merchants' Realty & Improvement Co., 264 Pa. 156, 107 A. 682, presents a state of facts very similar indeed to the facts in the instant case, and the court there held that there could be no recovery. See, also, Smith v. Inman, 32 Ga. App. 24, 122 S. E. 632, and Shellman v. Hershey, 31 Cal. App. 641, 654, 161 P. 132. From the foregoing, it follows that, as plaintiff was a trespasser on the premises occupied by and under the control of the motor company, she took the premises as she found them, and that the motor company was not responsible for the injuries she sustained. Its demurrer to her petition as amended was properly sustained.

The judgment of the trial court is therefore affirmed.