**Mary Frances CAIN, Appellant,**

**v.**

**Charles G. STEVENS, Etc., Appellee.**

Court of Appeals of Kentucky.

Nov. 5, 1954.

Rehearing Denied Feb. 4, 1955.

Redwine & Redwine, Winchester, for appellant.

M. A. Rowady, Harvey T. Lisle, Winchester, for appellee.

MOREMEN, Justice.

Appellant, Mary Frances Cain, who was plaintiff in the Circuit Court, has appealed from a judgment entered on a verdict in favor of appellee, Charles G. Stevens, who was defendant.

This case has been presented to us with only a partial record given of the testimony and occurrences at the trial in the Circuit Court. After the trial appellant tendered a bill of exceptions in which she undertook to set forth only that evidence which pertained to the single point as to who was in charge of the premises where appellee operated a boat dock and a restaurant. In response to a motion to strike the bill of exceptions, appellant stated that she desired

to test only the correctness of instructions Nos. 1 and 2 relating to the single issue of the duties of the person who controlled the premises upon which appellant was injured.

A transcript of the testimony has been filed in three volumes and it consists of a transcript of the deposition of appellee, Charles Stevens, given as if under cross-examination at the office of counsel for appellant, a transcript of the testimony of appellant Cain given as if on cross-examination, the testimony in chief of David J. Williams and of one Carl Bush. It is certified in the bill of exceptions that this testimony contains the evidence heard on the single point at issue on this appeal.

Appellee Stevens rented a building on Ford Road in Clark County, near the bridge connecting Clark County with Madison County, from David Williams who owned land along the river on the Clark County side, and particularly land located in the rear of the building which he had rented to appellee. Appellee operated a restaurant in the building and a dock on the river in the rear of the building where he sold gas, oil and other supplies to boat owners and also rented dock space to the owners of pleasure boats. This land in the rear of the restaurant building was not specifically covered by his lease but it seems that Williams had not objected to the use of a portion of this land by appellee Stevens and other members of the general public.

On July 2, 1950, appellant, Mary Frances Cain, and some companions were seated on the bank of the Kentucky River in an area not far from some floating barges belonging to appellee, but at a place appellee testified was not used by him, when an automobile which had been parked by one Carl Bush on the Ford Road, which roughly parallels the Kentucky River at this point, became unattached and plunged over the river bank and down towards the river where it struck appellant, dragged her into the river and severely injured her. While it was shown that appellee had a small parking place between his restaurant and the road, the public customarily parked along Ford Road for some distance in each direction from the place of his business. It seems that a short time before the accident, appellant had driven up, parked on the road and walked down the hill where she spread a pallet, upon which she was resting at the time the accident occurred, and that she had seen the cars parked on the public road at the top of the embankment. Appellee, Charles Stevens, saw the accident and testified that he was sitting on the boat dock when someone yelled and he raised up in time to see the car bear down upon appellant. He jumped up, got into a boat and rescued her from the water. He testified that before she was struck she was in a small level area where the terrain was steep, both above and below, and in a place never used in connection with the conduct of his business. It is the contention of appellant that the injury received by her was the direct result of the negligence of Stevens in failing to keep the premises in a safe condition.

As stated above, appellant urges as ground for reversal the single point that instructions Nos. 1 and 2 were erroneous. The criticism is: (1) that the instructions contained academic discussions of abstract principles of law; and (2) that the instructions were confusing to the jury. The instructions read:

"Instruction No. 1

"The court instructs the jury that the difference between an invitee and a licensee is that an invitee to a place of business is one who goes there either at the express or implied invitation of the owner on business of mutual interest to them both, or in connection with the business of the owner or occupant which is there being carried on; while a licensee is one who goes upon the property of another, either by express invitation or with his implied acquiescence, not on any business of the owner or occupant, but solely in pursuit either of licensee's own business, pleasure or convenience.

"An owner of property owes an invitee the active, positive duty of keeping those parts of the premises to which he is invited, or may reasonably be expected to use, in a condition safe for his use in a manner consistent with the purpose of the invitation. If the possessor of the premises knows, or by the exercise of ordinary care or reasonable diligence could discover a natural or artificial condition which, if known, he should realize involves an unreasonable risk to the invitee and does not remedy the condition or serve fair warning of peril, he is negligent. There is no liability for injuries to invitees from dangers that are obvious, reasonably apparent, or as well known to the person injured as they are to the owner or occupant.

"An owner of property owes no duty to a licensee or a trespasser except not to injure him wilfully or wantonly or by active negligence. Licensees and trespassers take the premises as they find them."

"Instruction No. 2

"The Jury is instructed that even though plaintiff may have been an invitee upon the premises occupied by the defendant, the duty of the occupant of premises to maintain them in a safe condition applies only to that part of the premises that are appropriated by the occupant as a place in which his business is conducted and the necessary and proper part of said premises reasonably to be used by the invitee to gain access to the portion of the premises used for the purpose of business. The invitation, express or implied, to conduct business upon the premises, is an invitation to use the premises in the ordinary and usual manner in which business is conducted thereon and does not render the occupant (defendant) liable for negligence where the invitee is using a portion of the premises to which the invitation has not been extended, either expressly or impliedly, and which defendant would not reasonably expect the invitee to use in connection with the business on said premises. When an invitee steps beyond the bounds of his invitation he is a mere licensee at the most, and he can complain only of wanton or intentional injury or positive acts of negligence."

In Stanley's Instructions to the Jury, Section 44, Page 61, it is said:

"Unnecessary instructions, consisting merely of statements of law, do not constitute prejudicial error,"

and Noe v. Meadows, 229 Ky. 53, 16 S.W. 2d 505, 508, 64 A.L.R. 648, supports that assertion. There it was said:

"While instructions Nos. 1 and 2 are mere statements of law, and it was not necessary to give either of them, the giving thereof was not prejudicial to appellants. Owensboro, Falls of Rough & Green River R. Co. v. Barker, 37 S.W. 848, 18 Ky.Law Rep. 706."

Perhaps the above quoted instructions should have been more concisely stated, but we find no misstatement of the law contained in them. For a discussion of the law and definitions therein contained one may look to the following cases: Distinction between licensee and invitee—Shoffner v. Pilkerton, 292 Ky. 407, 166 S.W.2d 870; duty of owner to invitee—F. W. Woolworth Co. v. Brown, 258 Ky. 29, 79 S.W.2d 362, not insurer of customer's safety—Bridgford v. Stewart Dry Goods Co., 191 Ky. 557, 231 S.W. 22; duty to warn of unreasonable risk—Dalton v. Steiden Stores, Inc., 277 Ky. 179, 126 S.W.2d 155, and Ockerman v. Faulkner's Garage, Inc., Ky., 261 S.W.2d 296; no duty to warn of obvious dangers—Price v. T. P. Taylor & Co., 302 Ky. 736, 196 S.W.2d 312; no duty to licensee or trespasser, except not to injure him wilfully or wantonly or by active negligence, Shaver's Adm'r v. Louisville Gas & Electric Co., 207 Ky. 180, 268 S.W. 1082; trespassers and licensees take premises as they find them—Farmer v. Modern Motors Co., 235 Ky. 483, 31 S.W.2d 716; and duty to invitee applies only to portion of premises reasonably used for business purposes—

Wall v. F. W. Woolworth Co., 209 Ky. 258, 272 S.W. 730.

We have held in certain instances that it is necessary to instruct the jury as to questions of abstract law. For instance, in Aetna Insurance Company v. Weekley, 232 Ky. 548, 24 S.W.2d 292, the case was reversed because the court failed to instruct as to what acts constituted a waiver under the law. The trial court had instructed the jury that it could find for the plaintiff if "defendant waived or dispensed with proof of loss," and left to the jury to determine, according to the views of its members, what was sufficient to create a waiver under the law. In the case at bar, there was a sharp dispute as to whether appellant was an invitee or a licensee and before the jury could determine in which category appellant belonged, it was necessary to explain to the jury the distinction between a licensee and an invitee.

In any event, under the circumstances of this case, any negligence of appellee was at most remote. The proximate cause of the accident and injury was the negligence on the part of Bush who failed to leave his car secured after it was parked on the road.

In Suter's Adm'r v. Kentucky Power & Light Co., 256 Ky. 356, 76 S.W.2d 29, 32, in pointing out the difference between a remote cause and a proximate cause, it was said:

"It is that cause which naturally leads to, and which might have been expected to have produced, the result. The connection of cause and effect must be established. And if a cause is remote and only furnished the condition or occasion of the injury, it is not the proximate cause thereof. Logan v. Cincinnati, N. O. & T. P. R. Co., 139 Ky. 202, 129 S.W. 575. The proximate cause is a cause which would probably, according to the experience of mankind, lead to the event which happened, and remote cause is a cause which would not, according to such experience, lead to such an event. It is superfluous to say there can be no recovery on account of negligence of another which was not the proximate cause of the injury complained of. Evans' Adm'r v. Cumberland Telephone & Telegraph Co., 135 Ky. 66, 121 S.W. 959, 135 Am.St.Rep. 444."

In that case, after determining that defendant's negligence, at most, was only remote and not the proximate cause of the injury, it was said:

"It comports with neither reason nor experience. Its unsubstantiality is like unto that of 'an iridescent dream.' It should have been expected the jury's verdict would be for the defendant, whatever the instructions of the court might have been, other than a peremptory in favor of the administrator. The power and light company was entitled to a directed verdict, and, whatever error may have been committed in giving the objectionable instructions, conceding they were inappropriate and erroneous, the giving of them was not prejudicial."

Here, too, we believe that the negligence of Bush who parked his car on an inclined plane in such a manner that the pull of gravity was sufficient to overcome its inertia was the proximate cause of the action. We find, even, no remote negligence by appellee because we know of no rule of law that requires a property owner to so immure the periphery of his property that it is made impregnable to violations by the negligent acts of a third party, or is rendered an absolute sanctuary of safety for everyone who is present on his premises.

Judgment affirmed.