Woodrow HARRIS, Administrator of the Estate of Ronald D. Harris, Deceased, Appellant,

v.

COZATT, INC., Appellee.

Court of Appeals of Kentucky.

April 26, 1968.

James F. Clay, James F. Clay, Jr., Danville, for appellant.

James G. Sheehan, Jr., Danville, for appellee.

PAUL J. STAPLETON, Special Commissioner.

This case arises out of the death of Ronald David Harris as a result of drown-

ing which occurred in the Parksville Tank Pond on June 6, 1964. This action was originally brought by Woodrow Harris, parent and administrator of the estate of the deceased, against the owner of the pond involved. He appeals from a judgment entered pursuant to a directed verdict in favor of the defendant. The question is whether the cause should have been submitted to the jury. This court feels the trial court was correct and that the question should be answered in the negative.

The accident occurred June 6, 1964, on the premises of the appellee. On this date, the deceased together with his brother-in-law, Doris King, and three other boys went to the Tank Pond. It was the intention that Doris King, Larry Miller and Buford Miller would go swimming. George Davis was also present, but neither he nor the decedent could swim well enough to accompany the others across the dam to a rope in a tree which hung over the water. While the others were across the pond, George Davis and deceased crossed the pond in a boat to where their friends were. There is a controversy about this boat and its presence at the scene; it can be concluded that it had been there prior to the date of the fatal accident. While the younger boys were alone in this boat there was no incident, but on the return trip the others got into the boat at midpoint of the dam. At this point water started to come into the boat through a crack or slit in the side. The decedent "then panicked," stood up, and the boat went down. Efforts were made to rescue him, but they were futile.

The appellant points out in his brief that this pond had been in existence for thirty-nine years prior to the accident. For seven years prior thereto, John Henry Belsher lived in a house adjacent to the dam and acted as its caretaker for which he received his rent free. The pond, originally owned by the Louisville and Nashville Railroad, had been sold to the appellee prior to the date of June 6, 1964. Both parties agree that there were "No Trespassing" signs on the property and that it was a general

custom in the neighborhood to use the lake for swimming. The presence of a boat or boats on the lake was not unusual, and on the date in question two were on the premises. One boat was near the caretaker's house. This boat was tied by the side of the dam when the boys arrived. A plank in the back could be used as a paddle. There was a crack in the side two to four inches from the top. There is a question as to the number of occupants of the boat at the time of the drowning; nevertheless, when they started to paddle back, the bottom of the boat filled with water and the tragedy occurred.

The arguments raised in appellant's brief go to the sufficiency of the evidence to support a verdict for the appellant. It is well argued and documented that a motion for a directed verdict raises only questions of law as to whether there is any evidence to support a verdict. This is true. It is further correct that all conflicts in the evidence of the party against whom the motion is made must be resolved in his favor. Among other cases, appellant cites Current v. Columbia Gas of Kentucky, Inc., Ky., 383 S.W.2d 139, in support of his position; but this court feels that most favorable inference and construction were given by the trial court and that the case of Wiser Oil Co. v. Conley, Ky., 380 S.W.2d 217, is controlling authority. It states generally that while it is the jury's province to weigh evidence, the court will direct a verdict where there is no evidence of probative value to support the opposite result and the jury may not be permitted to reach a verdict based on speculation or conjecture. In the case at bar, any jury conclusion would have been speculative or conjectural. Ownership of the boat was not shown, nor the length of time the boat was on the appellee's premises or any prior knowledge of the crack in said boat.

Appellant argues that the 13-year-old decedent is not held to the adult standard of care. The case cited by him in support thereof raises nothing more than a presumption which can clearly be rebutted.

In Goss v. Shawnee Post No. 3204, V.F.W. of U. S., Ky., 265 S.W.2d 799, it was held "that the tendency of our Court is to restrict rather than to enlarge the attractive nuisance doctrine." Further, it has been held on numerous occasions that the possessor of land owes no duty or obligation to keep it safe for the benefit of intruders who come upon it for their own purposes however innocent the purpose may be. Farmer v. Modern Motors Co., 235 Ky. 483, 31 S.W.2d 716. Further, it has been held that "a minor trespasser occupies the same position as an adult." Louisville & Nashville Railroad Co. v. Spence's Adm'r, Ky., 282 S.W. 2d 826.

The appellant argues further that the creation as well as the maintenance of a danger gives rise to liability to a youthful trespasser. This argument has been reviewed above and the court is not impressed with the appellee's failure to tie up the boat on the premises or dispose of same.

Conclusively, the appellant contends that whether there was a hidden danger involving an unreasonable risk to trespassing children which the appellee failed to exercise ordinary care to correct was a question for the jury. The case of Fourseam Coal Corporation v. Greer, Ky., 282 S.W.2d 129, is advanced in support thereof. We think the doctrine advanced in the supra case is not applicable to the facts in the present case. In fact, there was no artificial condition on the land. A boat is a usual and customary fixture that may be found on a lake or a pond, and it was not a hidden danger.

Other grounds asserted by appellant for reversal of the judgment of the trial court have been considered and found to be without merit.

Under the evidence, the trial court correctly took this case from the jury and determined as a matter of law no recovery should be had. Hanners v. City of Ashland, Ky., 331 S.W.2d 729.

The judgment is affirmed.

All concur.