Woodrow HOWARD, Jr., Appellant,

v.

Sue Ellen HOWARD, Appellee.

Court of Appeals of Kentucky.

April 25, 1980.

Rehearing Denied June 20, 1980.

Discretionary Review Denied
Nov. 18, 1980.

William G. Francis, Francis, Kazee &
Francis, Prestonsburg, for appellant.

Marcus Mann, Salyersville, for appellee.

Before COOPER, HOGGE and REYN-
OLDS, JJ.

COOPER, Judge.

This is an appeal from a judgment entered for the appellee, plaintiff below, in a negligence action filed against the appellant, defendant below. The issues presented are whether the trial court erred in: (1) failing to direct a verdict for the appellant; (2) failing to determine that the appellee's injury was unavoidable; and (3) failing to find the appellee contributorily negligent as a matter of law.

The appellee, Sue Ellen Howard, filed this action against the appellant, Woodrow Howard, Jr., her husband, for injuries she sustained while a passenger in a coal truck owned and operated by him. Specifically, she alleged that while alighting from the appellant's truck, she caught her left ring finger on an exposed door lock causing her finger to be separated from the rest of her hand. The appellee stated that the appellant was negligent in failing to repair the defective lock or, in the alternative, to give her adequate warning of its existence.

During the trial, the appellant moved for a directed verdict at the close of the appellee's opening statement, arguing that such statement failed to impute any negligence to him. This was overruled by the trial court. At the conclusion of the appellee's presentation of evidence, the appellant again moved for a directed verdict. This was also overruled by the trial court which stated that whether the appellant was negligent, or the appellee contributorily negligent, were questions of fact to be determined by the jury. The jury subsequently found for the appellee, awarding her damages in the amount of $10,000. It is from this judgment that the appellant now appeals.

Initially, the appellant argues that the trial court committed reversible error in failing to direct a verdict in his favor. He contends that neither the appellee's opening statement nor the evidence presented by her stated any actionable negligence on his part. We reject this contention. The appellee's opening statement, although lacking in clarity and precision, was, we believe, sufficient to set forth facts establishing the appellant's negligence. A review of the record below establishes that the appellee presented evidence of this negligence. Such evidence, together with the appellant's own statements as to how the accident happened, clearly made out a case of negligence. *Herrin's Adm'x v. Jackson*, Ky., 265 S.W.2d 775 (1954). As such, the trial court correctly rejected the appellant's separate motions for a directed verdict. *Spivey v. Sheeler*, Ky., 514 S.W.2d 667 (1974); *Harris v. Cozatt, Inc.*, Ky., 427 S.W.2d 574 (1968).

Secondly, the appellant argues that the appellee was contributorily negligent as a matter of law. Alternatively, he argues that the accident was unavoidable. It is axiomatic to state that the appellant has the burden of proving the appellee's contributory negligence. *Mulberry v. Howard*, Ky., 457 S.W.2d 827 (1970). Here, the court determined that given the facts presented by both parties, such a question was for the jury to determine. With this we are in agreement. Although the appellee may have been negligent in the way in which she left the truck—either by jumping or falling some three feet to the ground—there was no evidence establishing her negligence as a matter of law. Consequently, the trial court acted correctly in allowing the jury to determine whether she was negligent at the time of her injury. *Saddler v. Parham*, Ky., 249 S.W.2d 945 (1952).

Similarly, the trial court properly rejected the appellant's contention that the accident was unavoidable. For an accident to be unavoidable, it must be unforeseen and unexpected, occurring externally to all persons affected by it. *Hunt v. Whitlock's Admin.*, 259 Ky. 286, 82 S.W.2d 364 (1935). Here, there was substantial evidence that the appellant failed to exercise ordinary care in the safe maintenance and repair of his vehicle, and that this failure was a substantial factor in causing the appellee's injury.

Finally, the appellant contends that the trial court erred in instructing the jury that he had a duty to warn the appellee of any known defects which had the potential

for harm or injury. He argues that such defects, if they existed, were so obvious and visible that he had no duty to warn the appellee of them. Again, we reject this argument. By his own admission, the appellant stated that he had been aware of the defective lock for some six months prior to the time of appellee's injury. Admittedly, he failed to warn the appellee of its existence, and the appellant did not attempt to contradict the appellee's statement that she was unfamiliar with the truck only having ridden in it once or trice previously. Clearly, he knew that such a defect could cause significant injury to a passenger.

The appellant was under a clear duty to warn the appellee. His failure to warn her was as much negligence as was his failure to repair the defect involved. *Cf. Bolus v. Martin L. Adams & Son*, Ky., 438 S.W.2d 79 (1969). Clearly, this duty was not unreasonable. *Commonwealth, Dept. of Highways v. Begley*, Ky., 376 S.W.2d 295 (1964). A more compelling question presented herein is whether the appellee would have sustained her injury even if the appellant had warned her of the defective lock. Yet this, we believe, involves the question of the appellee's contributory negligence, a question previously submitted to the trier of fact. Furthermore, the fact that the appellant neither foresaw, nor should have foreseen, the *manner* in which the appellee sustained her injury does not relieve him from liability for his negligence. *Restatement (Second) of Torts* § 435 (1965). For, it was foreseeable that the appellant's failure to repair the lock created an unreasonable risk of harm to others. *See Glasgow Realty Co. v. Metcalfe*, Ky., 482 S.W.2d 750 (1972). Therefore, we find that the judgment below is clearly supported by the evidence.

The judgment of trial court is affirmed.

REYNOLDS, J., concurs.

HOGGE, J., dissents.