HARRELL *v.* FORSYTH COUNTY.

LUMPKIN, J. 1. The defendant having introduced no evidence, but the witnesses for the plaintiff having been cross-examined at length, and not being in exact accord in some respects, even if it were not entirely apt to charge that the plaintiff must show her right to recover by a preponderance of the evidence, and to give in charge section 5730 of the Civil Code of 1910, on that subject, this furnishes no ground for a reversal, where the court charged fully the law touching the right of the plaintiff to recover and the defense of the defendant.

2. Under the decisions in *Georgia Southern & Florida R. Co. v. Cartledge,* 116 *Ga.* 164 (42 S. E. 405, 59 L. R. A. 118), and *Louisville & Nashville R. Co. v. Barnwell,* 131 *Ga.* 791 (63 S. E. 501), on the trial of an action against a county, brought to recover damages on account of a personal injury alleged to have resulted from a defective bridge forming part of a public road, one alleged defect being a want of proper guard-rails, there was no error in rejecting evidence that when a new bridge was built after the injury banisters were placed on both sides from end to end of the bridge.

3. The assignment of error on the ground that the court erred in failing to charge the jury with sufficient distinctness as to results of a failure of county authorities to repair a bridge forming part of a public highway, within a reasonable time, was without merit.

4. No error of law requiring a new trial appearing, two verdicts having been rendered in favor of the defendant on successive trials of the case, there being sufficient evidence to authorize the finding, and it having been approved by the presiding judge, this court will not interfere.

*Judgment affirmed. All the Justices concur, except Hill, J., not presiding.*
FEBRUARY 14, 1912.

Action for damages. Before Judge Morris. Forsyth superior court. January 2, 1911.

*H. L. Patterson,* for plaintiff. *J. P. Brooke,* for defendant.