24764.   HALL *v*. CAPPS.

DECIDED NOVEMBER 18, 1935.

*B. C. Williford, Thomas C. Burton,* for plaintiff.
*John H. Davis & Son, C. M. McClure,* for defendant.

JENKINS, P. J.   Although the plaintiff here sought to recover in one count on the theory that he was both an implied invitee and

an express invitee of the defendant occupant of the premises, there was no special demurrer on the ground of duplicity, and the question stated in the 4th paragraph of the syllabus must be decided.

While the authorities are not uniform, their overwhelming weight is to the effect that an express invitation, like one implied, does not give to the recipient the legal status of an invitee, unless his visit is in some way connected with the business in which the occupant is engaged. The basis of the rule appears to be that an occupant of real estate ordinarily has the right and privilege of using it as he sees fit, without responsibility or liability, except from hidden pitfalls, to a visitor entering thereon merely for his own interest, curiosity, or pleasure, but the visitor must take the premises subject to any ordinary accompanying risks, the same as the occupant himself. Greenfield v. Miller, 173 Wis. 184 (180 N. W. 184, 12 A. L. R. 982, 984, 988); Knight v. Farmers Gin Co., 159 Ark. 423, 429 (252 S. W. 30); Fleischman Malting Co. v. Mrkacek (7th C. C. A.), 14 Fed. (2d Ser.) 602; Kinsman v. Barton & Co., 141 Wash. 311 (251 Pac. 563, 564); Southcote v. Stanley, 1 Hurlst. & N. 247 (156 Eng. Reprint, 1195); 19 Eng. Rul. Cas. 60; 38 Eng. L. & Eq. Rep. 195; 45 C. J. 824; 20 R. C. L. p. 59, § 60. As to cases which seem contra, see Pope v. Willow Garages Inc., 274 Mass. 440 (174 N. E. 727); Ward v. Avery, 113 Conn. 394 (155 Atl. 502, 503).

It is true that section 105-401 of the Code of 1933, contains the broad language that, "where the owner or occupier of land, by express or implied invitation, induces or leads others to come upon his premises *for any lawful purpose,* he is liable in damages to such persons for injuries occasioned by his failure to exercise ordinary care in keeping the premises and approaches safe." But the words "for any lawful purpose" and other language of our statute, "by express or implied invitation," have been used in cases, such as Bennett v. Louisville &c. R. Co., 102 U. S. 577 (26 L. ed. 225, 236, 238), which, while dealing only with implied invitations, state the rule that an "invitation is inferred where there is a common interest or mutual advantage, while a license is inferred where the object is the mere pleasure or benefit of the person using it." Although our Supreme Court, in holding in *Central of Ga. Ry. Co.* v. *Hunter,* and *King* v. *Central Ry. Co.,* supra (128 *Ga.* 604; 107 *Ga.* 760), that "the visitor must come for a purpose connected with

the business in which the occupant is engaged, or which he permits to be carried on there," and that "there must at least be some mutuality of interest in the subject to which the visitor's business relates; although the particular thing may not be for the benefit of the occupant," was dealing with an implied, and not an express invitation, the basis of the rule, according to the great weight of authority, would be applicable to both cases. A privity of interest being held by the Supreme Court necessary to render an occupant liable to an implied invitee for a lack of ordinary care, even though the statute creates such a liability where the visit of either an express or implied invitee is for *"any lawful purpose,"* such a privity of interest would seem to be equally necessary in order to raise an express invitee above the legal status of a licensee. See also Weaver *v.* Carnegie Steel Co., 223 Pa. 238 (72 Atl. 552, 21 L. R. A. (N. S.) 466); Glaser *v.* Rothschild, 221 Mo. 180 (120 S. W. 1, 22 L. R. A. (N. S.) 1045, 1047, 17 Ann. Cas. 576); B. &. O. S. W. R. Co. *v.* Slaughter, 167 Ind. 330 (79 N. E. 186, 7 L. R. A. (N. S.) 597, 600, 119 Am. St. R. 503); Benson *v.* Baltimore Traction Co., 77 Md. 535 (26 Atl. 973, 20 L. R. A. 714, 39 Am. St. R. 436); Kruse *v.* Houston & T. C. R. Co. (Tex. Civ. App.) 253 S. W. 623, 625; Pauckner *v.* Wakem, 231 Ill. 276 (83 N. E. 202, 14 L. R. A. (N. S.) 1118, 1121, 1122); Gibeson *v.* Skidmore, 99 N. J. 131 (122 Atl. 747); Bigelow on Torts (8th ed.), 160, 161.

*Judgment affirmed. Stephens and Sutton, JJ., concur.*