30393. FLINT RIVER COTTON MILLS *v.* COLLEY.

Decided May 24, 1944. Rehearing denied June 9, 1944.

*Neely, Marshall & Greene, Leonard Farkas, Walter H. Burt,* for plaintiff in error. *E. L. Smith, Turner L. Smith,* contra.

PARKER, J. Mrs. Victoria Colley sued Flint River Cotton Mills, employer of her husband, on two counts, claiming damages for the death of her four and one-half-year-old child occasioned by a fall into a well connected with a reservoir on the mill premises of the defendant. Her amended petition alleged in count 1 that the defendant owned and maintained on its premises a large reservoir for holding water, with a drainage well near one corner thereof, the reservoir being situated between two rows or sections of houses occupied by the defendant's employees, in one of which the plaintiff, her husband, and their children had resided for many years; that these sections of houses were connected by a pathway running parallel to the reservoir and about three feet therefrom, used regularly by employees of the mill and their families; that the defendant also maintained immediately adjacent to the reservoir and the pathway a playground for the children of the employees of the mill; that the defendant undertook to drain the water out of the reservoir for sanitary purposes, and finding many fish and turtles in the reservoir, invited its employees and their children to go into the draining reservoir and catch and remove the fish and turtles found therein, providing for descent a ladder from the surface of the reservoir wall and within about three feet of the open well, which was wholly unenclosed and uncovered and unguarded; and that after the reservoir had been substantially drained of water, the plaintiff's child, after playing with older children on the playground provided, started into the reservoir to catch fish or turtles, and in passing by the open well undertook to look into it and fell, and was instantly killed. *Held:*

■ "Where the owner or occupier of land, by express or implied invitation, induces or leads others to come upon his premises for any lawful purpose, he is liable in damages to such persons for injuries occasioned by his failure to exercise ordinary care in keeping the premises and approaches safe." Code, § 105-401. *Atlanta Cotton-Seed Oil Mills* v. *Coffey,* 80 *Ga.* 145 (4 S. E. 759, 12 Am. St. R. 244). "An invitation of the owner or occupant of premises is implied by law where the person goes on the premises for the benefit, real or supposed, of the owner or occupant, or in a matter of mutual interest, or in the usual course of business, or for the

performance of some duty." Middleton *v.* Ross, 213 Fed. 6 (2), 10; *Crossgrove* v. *Atlantic Coast Line R. Co.,* 30 *Ga. App.* 462 (1, a) (118 S. E. 694) ; *Cook* v. *Southern Ry. Co.,* 53 *Ga. App.* 723 (2) (187 S. E. 274). Since the Code of 1895 went into effect it seems that the duty to an invitee is to exercise ordinary care to keep the premises safe, not reasonably safe. That code and every official code subsequently adopted by the General Assembly have so provided. The mutuality of interest required by the decisions of this court and the Supreme Court is supplied by the interest of the owner in having the reservoir drained and cleared of fish and turtles, the interest of the employees and members of their families in removing the fish and turtles for the sport enjoyed and the food afforded, and the interest of all concerned in the sanitary and general health advantages derived from draining and cleansing the pool. Under the allegations of the first count of the petition, the plaintiff's child was an invitee upon the premises, and the principles applicable to an invitee govern this case, and there was no error in overruling the general demurrer to count 1 of the amended petition.

■ Count 2 alleged the same state of facts, including the acts of negligence charged as set forth in count 1, except that the plaintiff's child was called a licensee in the second count, and the latter count sought to charge the defendant with the child's death under the wilful and wanton rule provided for in the Code, § 105-402. Both counts were based on the same general allegations and set up the same state of facts, and under these two counts the child could not have been both an invitee and a licensee, and since he was an invitee, the general demurrer to count 2 should have been sustained and said count stricken.

■ The only ground of special demurrer to count 1 appearing to be meritorious is the one objecting to the allegation that "defendant is now and has been in process of covering this well since the death of plaintiff's son." Evidence or allegations to the effect that after the accident the defendant made changes or repairs, or adopted some different method or system are not permissible. *Georgia Southern & Florida Ry. Co.* v. *Cartledge,* 116 *Ga.* 164 (42 S. E. 405, 59 L. R. A. 118) ; *Harrell* v. *Forsyth County,* 137 *Ga.* 550 (73 S. E. 735) ; Chicago, B. & Q. R. Co. *v.* Kelley, 74 Fed. (2d) 80. Under these authorities it was error to overrule the special demurrer to paragraph 9 of count 1.

*Judgment affirmed in part, and reversed in part. Sutton, P. J., and Felton, J., concur.*

### ON MOTION FOR REHEARING.

PARKER, J. Counsel for the plaintiff in error say that "before there could be a matter of present mutual interest between plaintiff's child and the defendant there had to be a binding contract between such child and the defendant in connection with some business of the defendant." They contend that a child only four years and eight months old, who manifestly could not enter into a binding contractual relationship with the defendant, could not become or occupy the status of an invitee by reason of an invitation from the owner and occupier to enter into and remove turtles and fish from its reservoir. Mutuality of interest does not mean that there must be a commercial business transaction between the parties, but merely that each party is moved by a lawful purpose or interest in the object and subject-matter of the invitation. The enterprise must be mutual to the extent that each party is lawfully interested therein, or that there is a common interest or mutual advantage involved. In sustaining the overruling of a general demurrer to the petition of the plaintiff in *Sterchi Brothers Stores* v. *Podhouser,* 61 *Ga. App.* 184 (6 S. E. 2d, 92), this court held that an eight-year-old child, in company with his father, they having been invited into a booth in a building to see a washing machine demonstrated, was an invitee. Where a person induces or leads another to come upon his premises "for any lawful purpose," he is liable in damages to such person for his failure to exercise ordinary care in keeping the premises and approaches safe. Code, § 105-401.

The draining and cleansing of the reservoir was a purpose connected with the business of the defendant, but it was not necessary that the removal of fish and turtles from the reservoir, the particular object and purpose of the visit by the child, be for the benefit of the defendant. These principles were recognized and stated in *Hall* v. *Capps,* 52 *Ga. App.* 150 (3) (182 S. E. 625), relied on by counsel for the defendant. While the infancy of the plaintiff in a negligence action does not supply the place of negligence on the part of the defendant (*Atlanta & West Point R. Co.* v. *West,* 121 *Ga.* 641, 646, 49 S. E. 711, 67 L. R. A. 701, 104 Am. St. R. 179),

292

"children of tender years and youthful persons generally are entitled to a degree of care proportioned to their ability to foresee and avoid" perils that may be encountered. *Lee* v. *Georgia Forest Products Co.,* 44 *Ga. App.* 850, 852 (163 S. E. 267). There is a greater duty owed to small children lawfully upon premises than to older persons. *Etheredge* v. *Central Railway Co.,* 122 *Ga.* 853 (50 S. E. 1003). The sum of the whole matter, as quoted by Judge Guerry in *Cook* v. *Southern Ry. Co.,* 53 *Ga. App.* 723, 727 (187 S. E. 274), is included in the expression that "duties arise out of circumstances." As was said by this court in *Sterchi Brothers Stores* v. *Podhouser,* supra, the fact that the express invitation was given the plaintiff's child by the defendant to do a thing in connection with and to further its own business, by assisting in cleaning out and making more sanitary its water reservoir, differentiates this case from those which hold that even where one visits the premises of another on express invitation, but the purpose of the visit is wholly disconnected with the business of the owner, such invited person is a mere licensee. The cases cited by movant are distinguished by their particular facts from this case.