## 39835.   CAMPBELL v. EUBANKS.

DECIDED MARCH 14, 1963—REHEARING DENIED MARCH 28, 1963.

528

*Cumming, Nixon, Eve, Waller & Capers, Samuel C. Waller,* for plaintiff in error.

*Allgood & Childs, Thomas F. Allgood,* contra.

JORDAN, Judge. 1. It is contended by counsel for the defendant that the allegations of the petition and the evidence adduced on the trial of this case affirmatively disclosed that the plaintiff was merely a "social guest" in the home of the defendant and thus occupied the status of a licensee to whom the defendant would be liable only for the infliction of wilful or wanton injury. It is our opinion, however, that both the allegations of the petition and the evidence show a sufficient "mutuality of interest," as that term is defined and applied in the decisions of this court in *Flint River Cotton Mills v. Colley,* 71 Ga. App. 288 (30 SE2d 426) and *Martin v. Henson,* 95 Ga. App. 715 (99 SE2d 251), between the plaintiff and the defendant as would constitute the plaintiff an invitee in the defendant's home; and, as such, the defendant owed to her the duty of exercising ordinary care to maintain the premises and approaches thereto in a safe condition under the provisions of *Code* § 105-401. Whether or not the defendant was negligent as charged in the petition, whether or not the plaintiff failed to exercise ordinary care for her own safety as contended by the defendant, and whose or what negligence was the proximate cause of the plaintiff's injuries were questions for determination by the jury under the allegations of the petition and the facts and circumstances developed by the evidence on the trial of the case. The trial court did not err therefore in overruling the general demurrer to the petition nor

in thereafter denying the defendant's motion for judgment notwithstanding the verdict and her motion for new trial on the general grounds.

2. The sole special ground of the amended motion for new trial assigns error on the following excerpt from the charge of the court: "I charge you, members of the jury, for the defendant to turn on a sprinkler and place it where she did and allow the steps to become wet, that it was negligence for defendant not to have turned on the porch light; that she was negligent in not warning plaintiff of the condition which existed, if it was known to the defendant."

It is erroneous for a judge to charge a jury that certain acts or omissions constitute negligence when such acts or omissions are not negligent per se, *Louisville &c. R. Co. v. Biggs,* 141 Ga. 562 (3) (81 SE 900); *Georgia &c. R. Co. v. Haygood,* 103 Ga. App. 381, 386 (119 SE2d 277); and since it was clearly a question for determination by the jury as to whether or not the acts set forth in the above excerpt from the charge constituted negligence on the part of the defendant, the same not being negligence per se, it was prejudicial error for the court to give said instruction to the jury as contended in this ground. This instruction was not corrected elsewhere in the charge and we cannot agree with the contention that this charge by the court on a very vital element of the case was a mere slip of the tongue or inaccuracy of expression which was rendered harmless to the defendant by the charge as a whole. The giving of the same in charge to the jury requires the grant of a new trial in this case.

*Judgment affirmed in part; reversed in part. Nichols, P. J., and Frankum, J., concur.*