## 41041. BRUNSWICK PULP & PAPER COMPANY v. DOWLING.

124

DECIDED FEBRUARY 2, 1965.

*Bennet, Gilbert, Gilbert & Whittle, Wallace E. Harrell,* for plaintiff in error.

*Conyers, Fendig, Dickey & Harris, Reid W. Harris,* contra.

FELTON, Chief Judge. ■ ■ The court erred in overruling the general demurrer to the petition. In the briefs of defendant in error and in oral argument her attorneys plant her right to recovery upon provision 5 of *Code* § 105-502 which provides: "If the employer retains the right to direct or control the time and manner of executing the work; or interferes and assumes control, so as to create the relation of master and servant, or so that an injury results which is traceable to his interference." There is no allegation in the petition that the employer retained the right to direct or control the time and manner of executing the work and the defendant in error does not base her case on this provision of the Code section. The right to recovery is planted on the provision and proposition that the employer interfered and assumed control—so that an injury resulted which is traceable to its interference. There are no allegations in the petition which support this theory and contention. Insofar as this basis of recovery is concerned the petition did not set forth a cause of action.

■ In addition to the ruling in the preceding paragraph the petition did not set forth a cause of action because it set forth no facts showing actionable negligence of the defendant. If the defendant was guilty of negligence as alleged it was too remote to have been the proximate cause of the death of plaintiff's husband. The allegation that the defendant maintained complete control of the electrical system and the electric lights in the building is not an allegation of control of the territory of the contractor's operations and work on the gigantic furnace. The alleged negligence of the defendant in not sufficiently lighting the 5th floor of the furnace was not the proximate and efficient cause of the decedent's death. The deceased, with full notice of the darkened condition of the 5th floor undertook to go to it from the 6th floor. While there he fell into a hole not alleged to have been made by the defendant in the grate floor of the 5th floor. In the absence of an allegation that the defendant made the hole it must be assumed that the contractor made it with

knowledge that employees working on the furnace would use the 5th floor and be endangered by an unlighted and unguarded open hole in the floor. Since it is not alleged that the defendant made the hole or knew of its existence it follows that the acts of negligence of the deceased and his employer through one or more fellow employees were the efficient proximate causes of the death of the deceased employee. There is no allegation that the defendant should have anticipated the negligence of the fellow-employees of the deceased and the negligence of the deceased employee. "While the general rule is that if, subsequently to an original wrongful or negligent act, a new cause has intervened, of itself sufficient to stand as the cause of the misfortune, the former must be considered as too remote, still if the character of the intervening act claimed to break the connection between the original wrongful act and the subsequent injury was such that its probable or natural consequences could reasonably have been anticipated, apprehended or foreseen by the original wrongdoer, the causal connection is not broken, and the original wrongdoer is responsible for all of the consequences resulting from the intervening act." *Southern R. Co. v. Webb,* 116 Ga. 152 (42 SE 395, 59 LRA 109); *Blunt v. Spears,* 93 Ga. App. 623 (92 SE2d 573), reversed on another ground, 212 Ga. 537 (93 SE2d 659). The principle stated in *Braun v. Wright,* 100 Ga. App. 295 (3) (111 SE2d 100) applies here. *Kreiss v. Allatoona Landing, Inc.,* 108 Ga. App. 427 (133 SE2d 602) is patently distinguishable, but cases cited in the dissent in that case are authority for the ruling in this case as the facts in this case make them applicable here.

The court erred in overruling the general demurrer to the petition. This error rendered further proceedings nugatory. Inasmuch as the case cannot be tried again on the same petition and answer as before, it is useless to pass upon the exceptions to the overruling of the motions for a judgment n.o.v. and a new trial.

*Judgment reversed. Jordan and Russell, JJ., concur.*