41641. DOWLING v. BRUNSWICK PULP &
PAPER COMPANY.

ARGUED NOVEMBER 4, 1965— DECIDED FEBRUARY 8, 1966.

*Adams & Henry, Q. Robert Henry,* for appellant.
*Bennet, Gilbert, Gilbert & Whittle, Wallace E. Harrell,* for appellee.

FRANKUM, Judge. This case was previously before this court upon consideration of exceptions to the overruling of a general demurrer and the overruling of a motion for a judgment notwithstanding the verdict, and for a new trial as amended. Upon that occasion this court held that the petition failed to state a cause of action, and the judgment which had been rendered for the plaintiff pursuant to the verdict of a jury was reversed solely on that account. See *Brunswick Pulp &c. Co. v. Dowling,* 111 Ga. App. 123 (140 SE2d 912). When the case was returned to the trial court, the plaintiff undertook to amend her petition to meet the objections pointed out by this court in its opinion. In so doing, the plaintiff, in effect, completely redrafted her petition. The defendant filed renewed grounds of general demurrer. The trial court sustained that demurrer, and the

plaintiff has appealed that ruling to this court. While the petition has been redrafted, the allegations of essential facts remain the same, and a reading of the facts stated in the report of the previous appearance of the case will suffice for an understanding of the ruling which we here make.

In her amended petition the plaintiff alleged in paragraph 15 that the plaintiff's husband had no reason to believe that the floor of the walkway was unsafe and that "only because of defendant's negligent interference with the lighting system" creating the dim and unlighted condition was he unable to ascertain the existence of the hole prior to falling through the same. While the plaintiff does allege by way of conclusion in paragraph 20 that the defendant was negligent in certain other enumerated respects, in view of the allegations contained in paragraph 15 which we have quoted, the petition construed most strongly against the plaintiff, as must be done on general demurrer, affirmatively shows that plaintiff is relying, as the basis for her right to recover, solely upon the defendant's alleged negligent interference with the lighting system, that is, the maintenance of a darkened condition on the fifth floor of its building.

On the previous appearance of this case before this court, the decision plainly was bottomed upon the proposition enunciated in *Braun v. Wright*, 100 Ga. App. 295 (3) (111 SE2d 100), and upon the legal principles advanced by the dissent in *Kreiss v. Allatoona Landing, Inc.*, 108 Ga. App. 427 (133 SE2d 602), which principles, the court there said, were applicable here. There was thus established in that decision the law of the case (*Willingham Stone Co. v. Whitestone Marble Co.*, 36 Ga. App. 230 (2) (136 SE 180)), to the effect that "one who chooses to walk in darkness does not exercise ordinary care for his own safety." *Braun v. Wright*, 100 Ga. App. 295, supra; *Bridger v. Gresham*, 111 Ga. 814 (35 SE 677). Nothing in the amended petition in any way excuses plaintiff's husband from his negligence in walking in the dark in a building where he knew equipment located therein was undergoing repairs, which fact rendered it probable that there would be at any place therein alterations in the structure, piles of material, and other

objects or factors which would render the traversing of parts thereof especially hazardous. Since the plaintiff's husband was shown by the allegations of the petition to have been engaged as a workman in the making of the repairs, he was necessarily chargeable with knowledge of what was going on. Under these circumstances it is immaterial whether the defendant created the hole through which plaintiff's husband fell or whether it was created by an independent contractor, since the question of who created the hazardous condition is material only so far as it goes to show notice to the defendant or knowledge by the defendant of the hazardous condition so as to place the defendant on its guard against the happening of accidental injuries to persons lawfully on the premises. However, the plaintiff's husband, in walking in the dark, failed to exercise ordinary care for his own safety, at a time when he necessarily had notice of the only negligence charged against the defendant. Under these circumstances, the plaintiff, who stands in her husband's shoes so far as her right to recover for his death is concerned, cannot recover.

*Judgment affirmed. Bell, P. J., concurs in the judgment. Hall, J., concurs specially.*

HALL, Judge, concurring specially. I reluctantly concur in the judgment for the sole reason that we are bound by the law of the case. In my opinion the rulings in *Brunswick Pulp &c. Co. v. Dowling,* 111 Ga. App. 123 (140 SE2d 912), and *Braun v. Wright,* 100 Ga. App. 295 (111 SE2d 100), are patently in conflict with *Kreiss v. Allatoona Landing, Inc.,* 108 Ga. App. 427 (133 SE2d 602). See also the concurring opinion in *Kreiss* at pages 438-442.