*Davis & Davidson, Jack S. Davidson,* for appellees.

### 42232. STANTON et al. v. GRUBB.

JORDAN, Judge. This is an appeal from the judgment of the trial court sustaining the defendant's oral motions in the nature of a general demurrer to the petitions of the plaintiffs, Mr. and Mrs. Olin M. Stanton, seeking to recover damages arising out of personal injuries sustained by Mrs. Stanton when she slipped and fell while entering the basement of the defendant's home to which the plaintiffs had been invited on a social visit. The husband's petition alleged that other guests of the de-

fendant had tracked water and debris into the basement from the defendant's swimming pool and the defendant was charged with negligence in the following particulars: "(a) In maintaining said floor in her home adjacent to said swimming pool at said time and place in a slippery and unsafe condition for people who might walk into the basement of her said home; (b) In not mopping up the water being tracked from said swimming pool into the basement of her home; (c) In not warning your petitioner's wife that said water had been tracked into the basement at said time and place and that she was likely to fall on said slippery floor as a result thereof; (d) In failing to remove the water and debris from the floor in said basement in which petitioner's wife was walking at said time and place; (e) In failing to warn petitioner's said wife of the slippery and unsafe condition of the floor at said time and place; (f) In failing to provide sufficient light or lighting in said basement and playroom in said home at said time and place; (g) In failing to provide a handrail or other precautionary measures adjacent to said swimming pool in said basement; (h) In failing to provide a pad, mat, carpet or other instrument in said basement upon which your petitioner's wife could step without falling and slipping as herein alleged."
*Held:*

1. The legal status of Mrs. Stanton as an invited social visitor in the home of the defendant was that of a licensee and not an invitee, no special mutuality of interest being alleged (*Hall v. Capps,* 52 Ga. App. 150 (3, 4) (182 SE 625); *Martin v. Henson,* 95 Ga. App. 715 (99 SE2d 251); *Campbell v. Eubanks,* 107 Ga. App. 527 (130 SE2d 832)), and since the petitions do not show that the defendant breached any legal duty which she owed to her in that capacity under *Code* § 105-402, the trial court did not err in dismissing the petitions on oral motions of the defendant.

2. Assuming for the sake of argument only that the legal status of Mrs. Stanton was that of an invitee under *Code* § 105-401, still the petitions do not show that the defendant was guilty of the failure to exercise ordinary care in allowing water to be tracked into her basement by other guests coming from the defendant's swimming pool and to accumulate therein or in failing to have the basement illuminated by artificial light, it not being alleged that the basement was dark, or in otherwise taking precautions to insure the safety of Mrs. Stanton. Ordi-

nary care did not require the defendant to mop continuously as her guests tracked water from the swimming pool into the basement or to give warning of such condition to them. *Gibson v. Consolidated Credit Corp.,* 110 Ga. App. 170 (2) (138 SE2d 77).

*Judgments affirmed. Bell, P. J., and Eberhardt, J., concur.*

SUBMITTED SEPTEMBER 6, 1966—DECIDED SEPTEMBER 27, 1966.

*R. Beverly Irwin, Jack M. Smith,* for appellants.
*Long, Weinberg & Ansley, Palmer H. Ansley,* for appellee.