### 42860. LAURENS v. RUSH.

ARGUED JUNE 5, 1967—DECIDED JUNE 23, 1967.

*E. T. Hendon, Jr.,* for appellant.

*Smith, Cohen, Ringel, Kohler, Martin & Lowe, William T. Johnson, Meade Burns,* for appellee.

HALL, Judge. This case presents the question of the duty owed to a *social guest* of an owner or occupier of land—a difficult problem in semantics. While a rose is a rose, the invited are not always *invitees.* " 'Invitation' is today a much discredited word, if only because a private social guest is invited, and yet is not in the legal sense an 'invitee.' " Prosser, Business Visitors and Invitees, 26 Minn. L. Rev. 573, 585.

"If plaintiff is a social guest in defendant's home, the great weight of Anglo-American authority classifies him as a bare licensee, even though he was expressly invited. [Ann. 25 ALR2d 598.] This classification is often invoked to deny the host's liability for harm caused by a concealed danger that he did not know of, but which would have been discoverable by inspection. . . . Such a limitation of duty probably conforms to people's reasonable expectations in the ordinary host-guest situation. If the host is the kind of person who does not inspect and maintain his property on his own account, the guest scarcely expects an exception to be made on the occasion of his visit. In this country, moreover, where most social contact is among people who are on a similar economic footing, the host is usually in no better position than the guest to absorb or distribute the loss." 2 Harper & James, The Law of Torts 1477, § 27.11. "He does not come as a member of the public upon premises held open to the public for that purpose, and he does not enter for a purpose directly or indirectly connected with business dealings with

the possessor. The use of the premises is extended to him merely as a personal favor to him. The explanation usually given by the courts for the classification of social guests as licensees is that there is a common understanding that the guest is expected to take the premises as the possessor himself uses them, and does not expect and is not entitled to expect that they will be prepared for his reception, or that precautions will be taken for his safety, in any manner in which the possessor does not prepare or take precautions for his own safety, or that of the members of his family." 2 Restatement of the Law, Torts 2d 175, § 330.

In our opinion this case is controlled by *Stanton v. Grubb,* 114 Ga. App. 350 (2) (151 SE2d 237) which held: "The legal status of Mrs. Stanton as an invited social visitor in the home of the defendant was that of a licensee and not an invitee, no special mutuality of interest being alleged (*Hall v. Capps,* 52 Ga. App. 150 (3, 4) (182 SE 625); *Martin v. Henson,* 95 Ga. App. 715 (99 SE2d 251); *Campbell v. Eubanks,* 107 Ga. App. 527 (130 SE2d 832)), and since the petitions do not show that the defendant breached any legal duty which she owed to her in that capacity under *Code* § 105-402, the trial court did not err in dismissing the petitions on oral motions of the defendant."

The test of "mutuality of interest" under *Code* § 105-402 is generally used in reference to a business in which the occupant is engaged or which he permits to be carried on there; it has no application in regard to a mere *social guest. Hall v. Capps,* 52 Ga. App. 150, supra. To hold otherwise would be to say that while a driver of an automobile owes no duty of ordinary care to a social guest as to active negligence, an owner or occupier of land owes a duty of ordinary care to a social guest as to static negligence. In our opinion, that won't wash.

A licensee cannot recover by showing that the defendant was merely negligent, but must show that the defendant wilfully and wantonly injured her.

The trial court did not err in sustaining the defendant's renewed general demurrer to the petition as amended.

*Judgment affirmed. Eberhardt, J., concurs. Felton, C. J., concurs specially.*

FELTON, Chief Judge, concurring specially in the judgment and dissenting from the ruling that the guest in this case was a mere licensee.

Mrs. Dorothy F. Laurens brought an action against Mrs. Louise D. Rush for damages for personal injuries sustained in a fall on the defendant's steps caused by the defendant's alleged negligence. The petition, as finally amended, alleged substantially as follows: At approximately 7:30 p.m. on October 24, 1962, the plaintiff entered the defendant's residence at her invitation to play a bridge game. Adjoining the front door and extending approximately two-thirds of the distance across the front of the house is an approximately 14-foot wide porch, at one end of which were situated 3 or 4 steps from the porch to the ground. An electric light next to the door lighted the porch, but was so situated that it did not provide adequate lighting upon the steps, but cast shadows upon the steps from the top to the bottom, creating an illusory effect as to the dimensions and location of the steps. Anyone attempting to leave the house by way of the front door must necessarily come directly between the light and the steps, causing additional shadows upon the steps which must be descended. There was provided no handrail or banister. Upon leaving defendant's home at approximately 10:30 or 11 p.m., the plaintiff became deceived and confused as to the exact location and dimensions of the steps because of the aforesaid illusory effect and fell down the steps, causing her alleged injuries. The defendant had actual knowledge of all of the alleged conditions and knew, or in the exercise of ordinary care should have known, them to be dangerous. This was the plaintiff's first visit to the defendant's premises and the illusory effect was not noticeable to her as she ascended the steps. The defendant failed to warn her of the existence of the alleged dangerous condition. The defendant's alleged negligence was, generally, in failing to adequately light the steps, provide a handrail or banister and warn the plaintiff of the illusory effect created by the inadequate lighting.

The plaintiff appeals from the judgment of the trial court sustaining the defendant's renewed general demurrer to the petition as amended.

1. There is considerable authority in this State for the proposition that an invitee who uses an unlighted or inadequately lighted area, such as a stairway, assumes the risks of such lack of illumination, so as to preclude as a matter of law his recovery against the owner of the premises for damages for injuries sustained in such use, even where the owner is guilty of negligence with respect to the lighting or physical condition of such area. See *Watson v. McCrory Stores, Inc.,* 97 Ga. App. 516, 517 (103 SE2d 648) and cit; cases cited in *Kreiss v. Allatoona Landing, Inc.,* 108 Ga. App. 427, 431 (2a) (133 SE2d 602) and in the special concurrence and dissent; *Dowling v. Brunswick Pulp &c. Co.,* 113 Ga. App. 77, 78 (147 SE2d 477) and cit. This proposition recently has been questioned as an inflexible, invariable rule. See the majority opinion of the *Kreiss* case, supra, and the special concurrence in the *Dowling* case, supra, p. 79.

The petition, properly construed, shows that the plaintiff had ascended the steps on which she fell just 3 hours prior to her fall, giving her the opportunity to observe the number, size, location and condition of the steps, including the fact that there was no handrail or banister. It also shows that the plaintiff could see, as she commenced descending the steps, that they were either partially or completely obscured by shadows. Under the older cases cited hereinabove, the plaintiff would be held to have assumed the risks inherent in the alleged situation.

Even if it be assumed that the plaintiff was not negligent, however, or that the question of her negligence would be for a jury to determine, the petition fails to allege a cause of action against the defendant homeowner. "Before a recovery is authorized for the plaintiff in an action against an owner and occupier of land for injuries occasioned by the plaintiff while an invitee on such premises it must be shown that the conditions allegedly causing the injuries were less safe than those provided by ordinarily prudent owners and occupiers of land for their invitees. See *Pettit v. Stiles Hotel Co.,* 97 Ga. App. 137 (102 SE2d 693), and citations." *Brand v. Pope,* 103 Ga. App. 489,

491 (119 SE2d 723). There is no absolute duty on the part of the owner of premises to illuminate steps in the absence of any contractual or statutory obligation or some unusual or dangerous condition existing which requires special warning. See *Maloof v. Blackmon,* 105 Ga. App. 207, 208 (2) (124 SE2d 441) and cit.; *Kreiss v. Allatoona Landing, Inc.,* supra, p. 432. This action is not predicated upon any defect in design or construction or failure to maintain the steps themselves, but merely upon the alleged danger regarding their illumination. Whether or not the defendant had a duty to maintain a light in that vicinity, the petition shows that she did, and it does not appear that the location or intensity of the light was not comparable with that provided by ordinarily prudent owners. Even if the steps themselves were not adequately lighted, however, the defendant's failure to warn the plaintiff was not negligence, since the reason for such warning is the owner's superior knowledge of the hazard and the plaintiff invitee could observe the darkened steps as well as could the defendant. *Tatum v. Clemones,* 105 Ga. App. 221 (124 SE2d 425); *Gibson v. Consolidated Credit Corp.,* 110 Ga. App. 170 (2a) (138 SE2d 77). Since the situation was not so dangerous as to demand the conclusion that the defendant was negligent in maintaining it or in failing to warn the plaintiff of it, the additional allegation as to the absence of a handrail or banister did not serve to create a dangerous situation. *Butler v. Jones,* 85 Ga. App. 158, 163 (2b) (68 SE2d 173); *Stowe v. Gallant-Belk Co.,* 107 Ga. App. 80, 83 (129 SE2d 196). The defendant provided structurally sound steps and a light illuminating that general area. To require much more than this would be approaching the point of making her an insurer of the plaintiff's safety, which she was not. *McCrory Stores Corp. v. Ahern,* 65 Ga. App. 334, 339 (15 SE2d 797) and cit.

2. I do not agree that the guest in this case was a mere licensee. In the first place, the host derives as much benefit as the guest, if not more, from the visit of the guest to play a social game of bridge. We can take judicial notice of the facts of life. If I am right about this, the rule as to host-guest relationship in automobiles, etc., applies to social guests. If the host receives a benefit from the invitation, the rule as to gratuitous guests does not apply.

3. I think that the majority is mistaken about what the prevailing rule is as to social guests. There is no uniformity in the rulings on the question, but a study of some of the cases and the statements by Professor Prosser, in the work cited by the majority, and the statements from Harper & James, The Law of Torts, also cited by them, lead me to believe that the rule as to a social guest is that the host owes no duty to a social guest to warn him of or protect him from a danger or defect on the host's premises which *the host does not have knowledge of*—in other words there is no duty on the host to investigate to ascertain all dangers and defects existing on his premises of which he had no previous knowledge. Professor Prosser says: "Why, then, is such a guest not in legal terms an 'invitee?' The reason the courts have given is the simple one, that the guest understands when he comes that he is to be placed on the same footing as one of the family, and must take the premises as the occupier himself uses them, *without any preparations made for his safety; that he assumes the risk of defective conditions unknown to the occupier,* and is entitled at most to a warning of dangers that are known." (Emphasis supplied.) Minn. Law Review, Vol. 26, p. 604. See statements to same effect in Harper & James, The Law of Torts, Vol. 2, § 27.11, p. 1477. The same thing is meant by the citation from 2 Restatement of the Law, Torts 2d 175, § 330. In my opinion no Georgia case supports the ruling of the majority and I think that under *Hall v. Capps*, 52 Ga. App. 150, supra, the guest in this case is an invitee.

The court did not err in its judgment sustaining the defendant's renewed general demurrer to the petition as amended. I therefore concur in the judgment of affirmance.