## 49203. RODRIGUEZ v. NEWBY et al.

STOLZ, Judge.

Judy Rodriguez, by next friend and mother, Mrs. Barbara Rodriguez, brought an action in the Superior Court of Catoosa County, Georgia, against Conley P. Newby, Dianne Newby, and Mrs. Doris Biddle for injuries sustained as a result of being kicked by a horse owned by Conley P. Newby, alleging that the defendants knew of

the vicious propensities of the horse and failed to warn her and further that the negligent management of the horse by Mrs. Biddle caused her injuries. A companion suit was filed by Barbara Rodriguez, mother of said child, for medical expenses and loss of services.

These cases were tried together by agreement before a jury, and at the close of the plaintiff's evidence, counsel for defendants Mr. and Mrs. Newby moved for a directed verdict upon the ground that there was no evidence introduced by the plaintiffs that the horse in question had vicious propensities and that such propensities were known to the defendants prior to the time of the injury, and that said defendants did not otherwise breach any duty owed to the plaintiffs under the facts of the case. The trial judge granted the said defendants' motion, and the case was brought to this court on appeal.

The following facts were presented on the trial by the evidence of the plaintiffs: Defendant Conley P. Newby owned a horse named "Buckshot," which he kept in a pasture adjacent to his home. He had owned the horse for a year prior to the time of the accident, and numerous people, including his small children, had been riding the horse during said time. On February 28, 1971, Mrs. Rodriguez, mother of the injured child, called Mrs. Newby on the telephone and asked to come over to visit with her. It was agreeable with Mrs. Newby for Mrs. Rodriguez to visit her, so she proceeded with her five-year-old daughter, Judy Rodriguez, to the home of Mrs. Newby, and found Doris Biddle and David Newby, the nine-year-old son, putting a bridle on the horse in the pasture behind the Newby house. After the horse was bridled, Mrs. Biddle led the horse to the electric fence near the back of the house and the electric fence was disconnected and laid on the ground, allowing the horse to walk out of the pasture over the fence. The horse was then led by Mrs. Biddle to the front of the house, with Darin Newby and Judy Rodriguez riding on its back. Mrs. Rodriguez put her daughter, Judy, on the horse with Darin Newby, and he was led to the front of the house by Mrs. Biddle with the two children riding. Mrs. Newby then brought a blanket and saddle from the garage and laid it on the porch, and Mrs. Biddle saddled the horse.

At that time, Mrs. Rodriguez asked Mrs. Newby for some coffee, and Mrs. Newby went into the house to make coffee while the horse was being saddled by Mrs. Biddle with assistance from Mrs. Rodriguez. When the horse was saddled, Mrs. Rodriguez rode the horse around in the yard for two or three minutes, dismounted the horse, and turned him over to Mrs. Biddle. She then turned around and asked Mrs. Newby about having a cup of coffee, and she and Mrs. Newby then went into the house for coffee. Before going into the house, both Mrs. Rodriguez and Mrs. Newby told the children to stay in the yard and not get out of the front yard. While Mrs. Newby and Mrs. Rodriguez were inside the house, Mrs. Biddle rode the horse for some time and then invited the children over for a ride. Darin and Christy Newby and Judy Rodriguez came over to the horse and Mrs. Biddle put Darin and Christy in the saddle. She then placed Judy on the horse behind them, and for some unknown reason, the horse started going around in a circle and bucking. Mrs. Biddle first took Judy off the horse and placed her on the ground, and then removed the other two children. During this transaction, Judy Rodriguez was kicked by the horse, and sustained injuries alleged in the complaint. *Held:*

1. Under the foregoing facts, the plaintiffs were social guests of the defendants and occupied the legal status of licensees. *Laurens v. Rush,* 116 Ga. App. 65 (156 SE2d 482); *Stanton v. Grubb,* 114 Ga. App. 350 (151 SE2d 237). As such, the defendants are liable only for wilful or wanton injury. Code § 105-402.

2. A horse is a domestic animal. *Reed v. Southern Express Co.,* 95 Ga. 108 (22 SE 133, 51 ASR 62). It is not one of those species of animals known as "ferae naturae." Under the provisions of Code § 105-110, which is but a restatement of the common law, to support an action for damages for injuries sustained by being bitten or kicked by a horse, it is necessary to show that the horse was vicious and that the owner had knowledge of that fact. See *McCree v. Burks,* 129 Ga. App. 678 (200 SE2d 491) and cits. While *McCree* involved a factual situation centering on the actions of a dog, the rules of law expressed therein are applicable to this case. The record sub judice does not reveal any facts which would indicate any prior vicious

conduct by the horse, or the defendant owner's knowledge thereof.

3. At the beginning of the second day of trial, the plaintiffs sought to amend Counts 1 and 2 of their complaint so as to predicate liability on the defendants' alleged violation of Code § 105-401. At this point in the trial, the evidence conclusively showed the plaintiffs to be social guests (licensees). "A party may amend his pleading as a matter of course and without leave of court at any time before the entry of a pre-trial order. Thereafter the party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Code Ann. § 81A-115 (a) (Ga. L. 1966, pp. 609, 627; 1968, pp. 1104, 1106; 1972, pp. 689, 694). While the statute is very broad, and should be liberally construed, we cannot hold as a matter of law that the trial judge committed reversible error in disallowing the proposed amendment. In effect, the amendment set forth a new theory for claim against the defendants. Further, the defendants' counsel objected to the allowance of the amendment. Moreover, even if the amendment's disallowance had been error, it would have been harmless, since the undisputed evidence showed the legal status of the plaintiffs (licensees) and the defendants' lack of scienter of any vicious propensity in the horse. The case rises or falls on the evidence, not the pleadings.

4. The plaintiffs enumerate as error the trial judge's sustaining the defendants' objections to the following question: "I see. So, then, the situation is, you invited the three children over there to put them on the horse and got two on, and your theory in the case is that the horse started bucking when you got the second child on, he bucked, became unmanageable, got out of control, and you don't know what happened to Judy?" Counsel for defendants Mr. and Mrs. Newby, interposed an objection to the form of the question. Counsel for defendant Mrs. Biddle (who was being cross examined at the time) objected to it as being two questions at once. In passing on this enumeration, we note that the question relates to the conduct of Mrs. Biddle, a co-defendant who is not a party to this appeal, and does not confront the real

issues made by this appeal. Be that as it may, the question obviously related to more than one subject. The sustaining of the objection was proper.

5. Lastly, the plaintiffs enumerate as error the exclusion of certain testimony by a doctor of veterinary medicine, relating to his experience with horses and his opinion that the horse as a species is a dangerous animal. This enumeration is not argued, or supported by citation of authority in the brief, and there was no oral argument in this case; therefore, it is deemed to have been abandoned. *Andrew v. State,* 229 Ga. 388, 389 (191 SE2d 841); *Ezzard v. State,* 229 Ga. 465 (1) (192 SE2d 374).

*Judgment affirmed. Deen and Webb, JJ., concur.*

SUBMITTED APRIL 2, 1974 — DECIDED APRIL 22, 1974.

*Frank M. Gleason,* for appellant.
*John E. Wiggins,* for appellees.