## 50439. HIGGINBOTHAM et al. v. WINBORN et al.

PANNELL, Presiding Judge.

This is an appeal from the grant of a summary judgment to the defendant, Winborn, in an action seeking recovery for injuries to an eight-year-old child who fell from a fallen tree in the yard of defendant Winborn, the action being brought by the father of the child individually and as next friend of the child. The tree, a large cherry tree, was growing in an adjoining yard of another defendant (with which defendant we are not here concerned) about ten feet from the property line, and in a high wind came up by the roots and fell across defendant's yard on December 15, 1972. Defendant had to trim some limbs in order to gain access to his garage. For some time he tried to get his next door neighbor, in whose yard the tree had been growing, to remove the tree, but without results. The tree remained in the yard until the day the child fell from the tree on March 27, 1973. Afterwards, the tree was removed. The evidence showed without dispute that the tree and its roots, trunk and limbs were sound and in no way rotten, decayed or defective or diseased. The defendant was married to the plaintiff father's sister and the children of the two families played together in the defendant's yard during the time the fallen tree was there. The father and mother of the child were both working and about twice a week the defendant or his wife would go by the school attended by the injured child and bring her to the defendant's house, together with defendant's son who also attended school there. The injured child would subsequently be picked up by her parents when they got off from work. On the day in question, the defendant at about 2:30 in the afternoon picked up the child and his son at the school and took them to his home and left them in charge of the maid until a parent of the injured child could come and get her. According to the plaintiff father, this had been done on a number of occasions and he and his wife had done similar service for the defendant and his son; that this was done as a favor to each other, but there was no agreement or contract about this.

The tree contained a plywood platform built into the

tree by the children on a "v" of the limbs, to which they could gain access by walking up the trunk of the tree. The plaintiff child sustained a broken arm and concussion when she slipped and fell while playing on the tree. The child herself had no recollection of even climbing the tree on the occasion and no recollection of her fall therefrom. The child received no warning as to climbing in the tree from either the defendant or her parents, and her parents with knowledge of previous tree climbing made no objection thereto. The plaintiff father testified that he did not consider the tree particularly dangerous and that the injured child climbed a tree in his yard, but only when he was present.

1. There is no question but that the defendant-appellee invited the child to his home, he actually went by the school and transported her to his home; but this does not necessarily make her an invitee within the meaning of Code § 105-401. "It is true that section 105-401 of the Code of 1933, contains the broad language that, 'where the owner or occupier of land, by express or implied invitation, induces or leads others to come upon his premises *for any lawful purpose,* he is liable in damages to such persons for injuries occasioned by his failure to exercise ordinary care in keeping the premises and approaches safe.' But the words 'for any lawful purpose' and other language of our statute, 'by express or implied invitation,' have been used in cases, such as Bennett v. Louisville &c. R. Co., 102 U. S. 577 (26 LE 235, 236, 238), which, while dealing only with implied invitations, state the rule that an 'invitation is inferred where there is a common interest or mutual advantage, while a license is inferred where the object is the mere pleasure or benefit of the person using it.' Although our Supreme Court, in holding in *Central of Ga. R. Co. v. Hunter,* and *King v. Central R. Co.,* supra (128 Ga. 604; 107 Ga. 760), that 'the visitor must come for a purpose connected with the business in which the occupant is engaged, or which he permits to be carried on there,' and that 'there must at least be some mutuality of interest in the subject to which the visitor's business relates, although the particular thing may not be for the benefit of the occupant,' was dealing with an implied, and not an

express invitation, the basis of the rule, according to the great weight of authority, would be applicable to both cases. A privity of interest being held by the Supreme Court necessary to render an occupant liable to an implied invitee for a lack of ordinary care, even though the statute creates such a liability where the visit of either an express or implied invitee is for *'any lawful purpose,'* such a privity of interest would seem to be equally necessary in order to raise an express invitee above the legal status of a licensee. [Cits.]" *Hall v. Capps,* 52 Ga. App. 150, 151, 152 (182 SE 625). "The general test as to whether a person is an invitee or a licensee is whether the injured person at the time of the injury had present business relations with the owner of the premises which would render his presence of mutual aid to both, or whether his presence on the premises was for his own convenience, or on business with others than the owner of the premises. In the absence of some relation which inures to the benefit of the two, or to that of the owner, no invitation may be implied, and the injured person must be regarded as a licensee. *Petree v. Davison-Paxon-Stokes Co.,* 30 Ga. App. 490, 492 (118 SE 697); *Hyde v. A. & W. P. R. Co.,* 47 Ga. App. 139 (169 SE 854)." *Cook v. Southern R. Co.,* 53 Ga. App. 723, 725, 726 (187 SE 274).

One invited to the premises of another as a personal favor to the invitee, does not become an "invitee" of the owner of the premises within Code § 105-401. *Laurens v. Rush,* 116 Ga. App. 65, 67 (156 SE2d 482). Such an "invitee" is no more than a social guest and is a licensee within the terms of Code § 105-402. See, *Stanton v. Grubb,* 114 Ga. App. 350 (151 SE2d 237). "The test of 'mutuality of interest' under Code § 105-402 is generally used in reference to a business in which the occupant is engaged or which he permits to be carried on there; it has no application in regard to a mere *social guest. Hall v. Capps,* 52 Ga. App. 150, supra." *Laurens v. Rush,* 116 Ga. App. 65, 67, supra.

We conclude, therefore, that the evidence here demands a finding the child was not an invitee within the meaning of Code § 105-401, but was a licensee.

2. A licensee is defined as "A person who is neither a customer, nor a servant, nor a trespasser, and does not

stand in any contractual relation with the owner of the premises, and who is permitted expressly or impliedly to go thereon merely for his own interest, convenience or gratification. The owner of such premises is liable to a licensee only for wilful or wanton injury." Code § 105-402. And it is usually wilful or wanton not to exercise ordinary care to prevent injuring a licensee who is actually known to be, or reasonably is expected to be, within range *of a dangerous act being done. Murray Biscuit Co., Inc. v. Hutto,* 115 Ga. App. 872 (156 SE2d 132). A greater quantum of care, though not a greater degree of care, may be necessary where a child of tender years is involved and a dangerous thing exists on the premises. *Cook v. Southern Co.,* 53 Ga. App. 723, supra. *Flint River Cotton Mills v. Colley,* 71 Ga. App. 288 (30 SE2d 426). "An owner owes to a licensee no duty as to the condition of the premises . . . save that he should not knowingly let him run upon a hidden peril or wilfully cause him harm." *Atlantic C. L. R. Co. v. O'Neal,* 180 Ga. 153, 156 (178 SE 451). This is the obligation not to lay for him or permit to exist pitfalls or mantraps in which it may be reasonably anticipated he will become ensnared. *Bohn v. Beasley,* 51 Ga. App. 341 (180 SE 656). "Where the injury for which a recovery is sought is caused by the dangerous statical condition of the premises, the injury to the licensee has to be occasioned by wilful and wanton negligence." *Leach v. Inman,* 63 Ga. App. 790 (2) (12 SE2d 103). The fallen tree here was no pitfall or mantrap (see, *Crosby v. Savannah Elec. &c. Co.,* 114 Ga. App. 193, 198 (150 SE2d 563)); nor was it an attractive nuisance within the doctrine of the turntable cases. See in this connection *Bowers v. Texas Co.,* 65 Ga. App. 874 (16 SE2d 765); *Brown v. Bone,* 85 Ga. App. 22 (68 SE2d 190); *Conkle v. Conkle,* 90 Ga. App. 802 (84 SE2d 599). The doctrine in this state has had a very limited application. See, *Southern Bell Tel. & Tel. Co. v. Brackin,* 215 Ga. 225, 227 (3) (109 SE2d 782). Even "[O]ne who makes an excavation upon his land is not bound to so guard it as to prevent injury to children who come upon it without his invitation, express or implied, but who are induced to do so merely by the alluring attractiveness of the excavation and its surroundings." *Savannah F & W R. Co. v. Beavers,* 113 Ga. 398 (39 SE 82). While "[i]t seems

to be generally recognized, as a general principle of law, that one using or handling any instrumentality of an unusual and dangerous character is bound to take exceptional precautions to prevent injury thereby, and that children of tender years and youthful persons generally are entitled a degree of care proportioned to their ability to foresee and avoid the perils that may be thus encountered," (*Lee v. Georgia Forest Products Co.,* 44 Ga. App. 850, 852 (163 SE2d 267)), this rule must be considered in the light of the fact that even young children have a natural fear of water, fire and heights (see *McCall v. McCallie,* 48 Ga. App. 99 (171 SE 843)) and that the tree, if a peril, was not placed there by the defendant, and was a statical condition, no more dangerous than a growing tree, though probably more readily accessible. These considerations, together with the fact that the child and other children had been playing on the fallen tree for a period of three months with the knowledge of the child's parents, in our opinion demand a finding that the tree did not constitute a dangerous instrumentality and that the failure to warn about or prevent the child from climbing the tree was not a wilful and wanton act on the part of the defendant, and no liability accrued to him for the injury of the child.

The trial judge did not err in granting summary judgment to the defendant.

*Judgment affirmed. Quillian and Clark, JJ., concur.*

Submitted April 8, 1975 — Decided September 19, 1975.

*Fierer & Devine, Thomas J. Hughes, Jr., Foy R. Devine,* for appellants.

*Long, Weinberg, Ansley & Wheeler, Sidney F. Wheeler, Edward C. Stone, Ward D. Hull, Al Parnell,* for appellees.